United States District Court
District of Massachusetts

|  |  |
|---|---|
| PEABODY ESSEX MUSEUM, INC., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. FIRE INSURANCE CO., ) <br> Defendant. ) | ) <br> ) <br> ) <br> Civil Action No. <br> 06-11209-NMG |

MEMORANDUM & ORDER

GORTON, J.

Plaintiff requests $430,614.71 in attorneys' fees and costs, plus $131,472.23 in prejudgement interest for work undertaken to obtain the declaration of the District Court that defendant, U.S. Fire, owed an obligation to defend the DEP Notice of Responsibility. Plaintiff also requests $191,174 in attorney's fees and costs incurred for services with respect to a related declaration that U.S. Fire violated M.G.L. c. 93A by failing to settle the plaintiff's claim for defense costs in connection with the Notice of Responsibility.

The Court agrees with defendant that plaintiff's request for attorneys' fees includes fees to which plaintiff is not entitled.

I. **Gamache Fees**

Neither party disputes that under Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93 (1997) plaintiff is entitled to fees incurred by the insured while obtaining a declaration that the

liability insurer had a duty to defend. The Court agrees with defendant, however, that under <u>Wilkinson</u> v. <u>Citation Insurance Co.</u>, 447 Mass. 663 (2006) the <u>Gamache</u> rule is to be narrowly construed and does not apply broadly to indemnity disputes or other controversies between policy holders and their insurers. As a result, plaintiff is not entitled to recover fees incurred in 2005 and 2006 that were not related to efforts to obtain a declaration of U.S. Fire's duty to defend.

Similarly, plaintiff cannot recover <u>Gamache</u> fees for work done after the Court's 2007 Summary Judgment ruling. The only fees recoverable after that decision are those that relate to the Chapter 93A claim discussed below. Plaintiff is not entitled to attorneys' fees relating to the Heritage Plaza claim because the Court did not reach the issue of whether the DEP claim should be considered a "suit", nor did the Court rule that U.S. Fire had an obligation to defend that claim. Plaintiff cannot recover fees related to the <u>Boston Gas</u> issue which plaintiff did not brief and the Court denied on September 30, 2010. Finally, plaintiff cannot recover attorneys' fees from defendant in connection with plaintiff's claims against other insurers.

## II. **Chapter 93A Fees**

The Court's award of damages on August 24, 2011 related only to U.S. Fire's failure to reimburse defense costs. Thus the Court will not award attorney's fees on other unsuccessful

Chapter 93A claims. Furthermore, plaintiff is not entitled to attorneys' fees relating to settlement discussions or to its unsuccessful attempt to modify the Chapter 93A damages award.

### III. Time Spent Compiling Fees

Finally, the Court will not award fees for any time spent by plaintiff to compile its own request for attorneys fees.

**ORDER**

Plaintiff shall file, on or before Friday, March 1, 2013, a revised motion for attorneys' fees consistent with this memorandum and order. Defendant's response, if any, will be filed on or before Friday, March 15, 2013.

In light of the pending motion for attorneys' fees the Court retains under advisement plaintiff's motion for entry of judgment (Docket No. 222).

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated February 15, 2013